Fox *v.* Fox.

5-1599                                    316 S. W. 2d 348

Opinion delivered October 6, 1958.

*Ed B. Cook,* for appellant.

*Taylor & Sudbury,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Mrs. Lena Fox, and appellee, Dr. V. R. Fox, were married in April, 1942. Mrs. Fox was 39 years of age and Dr. Fox was 59. In September, 1956, Mrs. Fox filed suit for divorce, alleging adultery and indignities. She also alleged that a clinic operated by her husband was in fact a partnership arrangement and that she was entitled to 50% of the proceeds of the clinic. She also alleged that ap-

pellee had fraudulently transferred some of his property to his children by a former marriage, and asked that the deeds be set aside. In addition, she alleged that a deed to her from Dr. Fox conveyed only a life estate in certain property, with the grantor retaining a life estate, when this deed should have conveyed a fee simple title, and she asked that the deed be reformed.

As heretofore mentioned, the suit was filed in September, 1956. In October, 1956, the defendant answered with a general denial. The case was not tried within a year, and in November, 1957, the defendant filed a cross-complaint asking that he be granted a divorce on the ground of desertion. The chancellor granted a divorce to Dr. Fox and granted Mrs. Fox the rents from 40 acres of land which produced an annual rental of $25 per acre, and granted her additional alimony in the sum of $50 per month.

The record contains no substantial evidence to sustain appellant's allegation of adultery on the part of appellee, and we cannot say the court's finding in favor of appellee on the question of indignities is contrary to a preponderance of the evidence. The evidence of indignities is very meager. There is some evidence that Dr. Fox was rude to Mrs. Fox occasionally in the presence of other people. But this is not evidence of such indignities habitually pursued to the extent of constituting grounds for divorce. Also, Mrs. Fox testified that on one occasion appellee slapped her. There is no evidence corroborating the alleged physical abuse, and it is said to have occurred a long time prior to the filing of the divorce action.

We do not think the evidence supports the theory that appellant was a "partner" in the operation of the clinic. True, the evidence shows that Mrs. Fox worked harder in helping the doctor with his practice than the average wife is called upon to work, but it appears that she was fully capable of doing the work and never objected to it until the filing of the divorce suit.

The evidence does not justify a conclusion that appellee practiced a fraud upon Mrs. Fox in conveying

some of his property to his children. The deeds were executed by both appellant and appellee in August, 1951, and Mrs. Fox made no complaint of the alleged fraud until 1956. She attempts to explain the delay by saying that she did not realize the full import of the deeds until shortly before she filed this action. The evidence is convincing, however, that all concerned must have known that appellee was conveying his property to his children and to his wife because of the condition of his health. He had suffered a stroke, his condition was not good, and in anticipation of death he was dividing his property to avoid litigation by his heirs. He conveyed to his wife practically the same interest in his real property which she would have received by operation of law if he had died at that time, before the execution of any deeds.

Appellant also complains of appellee's failing to complete the taking of depositions within the time fixed by Ark. Stat. § 28-308. It is suggested that the depositions should be quashed. However, it does not appear that there was any willful or negligent failure to take proof within the time fixed by the court or the law. This is a matter within the discretion of the trial court and we cannot say the court abused this discretion.

Finding no error, the decree is affirmed.